TITI of Laulii, Plaintiff

v.

SUIAVA TI'A of Laulii, Defendant

No. 2-1944

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Mulitauaopele" of Laulii]

January 18, 1945

C. G. WYCHE, *Chief Justice;* and LIUFAU, *District Judge.*

## ORDER

The High Court convened at the Courthouse at Fagatogo on the 25th day of October 1944 at 10 o'clock A.M., for trial of the above entitled case.

At the opening of the court it was reported that District Judges Muli and Puletu were both ill and could not attend the court. District Judge Malepeai was disqualified by reason of his relationship to one of the parties. All parties consented that the trial should proceed before the Chief Justice and District Judge Liufau.

On February 26, 1944, the defendant, Suiava Ti'a, filed his application to register the matai name, Mulitauaopele, of the village of Laulii. The usual notice of the application was published by posting on the bulletin board in front of the Administration Building at Fagatogo. On the 8th day of March 1944, Papua, of Laulii village, filed his objection to the registration of the matai name by Suiava Ti'a. On

the 13th day of March, 1944, a second objection was filed by Titi and also on the same day a third objection was filed by Sao. Each one of the objectors claimed that he was entitled to register the name, Mulitauaopele, of the village of Laulii.

At the opening of the trial, Sao, of Aua village, who had filed his objection within the time required by law, arose and stated to the court that he desired to withdraw his objection and his application for the name and stated that he favored the name going to Titi. Papua, of Laulii village, addressed the court and stated that he desired to withdraw his objection to the registration of the name and also his application and stated that he favored Suiava Ti'a. Both Sao and Papua were permitted to withdraw their respective applications and objections. This leaves the contest between Suiava Ti'a and Titi.

■ Section 79, paragraph 4A. of the Codification of the Regulations and Orders for the Government of American Samoa, sets forth a guide by which the court shall be governed in the trial of matai name cases. That section and paragraph reads as follows:

"4A. In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality, and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

■ Section 81 of the Codification of the Regulations and Orders for the Government of American Samoa, sets forth the law as to the eligibility requirements for title or office. That section reads as follows:

"1. No person not having all the following qualifications shall be eligible to succeed to any title which may by law enable the holder of the title to take a public office.

(a) Must be at least three-quarters Samoan blood.

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title.

(c) Must live with Samoans as a Samoan.

(d) Must be a descendant of a Samoan family and chosen by his family for the title.

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa (2) but temporarily residing outside of American Samoa or engaged in foreign travel at date of birth of such child and (3) whose matai at any time within 13 years after the birth aforementioned filed with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa.

2. No person ineligible to hold a title shall be allowed to vote or exercise any authority of any kind in the bestowal of such title. Persons who hold property by virtue of a title are not permitted to dispose of such property upon leaving the soil of American Samoa.

3. Any title which may be bestowed on any person contrary to the provisions of this regulation shall not, in any way whatsoever, be recognized, PROVIDED, that this regulation shall not have the effect of divesting any person of a matai name registered before November, 1932.

Any native of American Samoa who shall accept any title or office under any other government than the government of American Samoa, which removes his domicile from American Samoa, shall be considered as having surrendered his status under this government, and in order to regain his status as a citizen of American Samoa, shall be required to reside continuously for five years within the limits of American Samoa after the surrender of any foreign title which he may have accepted, before being able to resume his status as a citizen of American Samoa and have a vote in the control of titles."

At the very beginning of the trial, it appeared that the plaintiff, Titi, is a native American Samoan, but he had

163

left the island of Tutuila many years ago and prior to the death of Pele Valu, of the village of Laulii, the former holder of this title, he had been residing part time in British Samoa and part time in New Zealand. He had been absent from American Samoa at least ten years. Upon the death of Pele Valu, Titi returned to American Samoa and took up his residence in the village of Laulii, and he claims that he is the true descendant of the Pele family and is entitled to register the matai name, Mulitauaopele, of the village of Laulii. Paragraph 1(b) of Section 81, above set forth, provides that in order to be eligible for any title the applicant "must have resided continuously within the limits of American Samoa for 5 years either immediately preceding the vacancy of the title or before he becomes eligible for the title." Titi had not resided in American Samoa for at least ten years preceding the vacancy and before he became eligible for the title. Under the law of American Samoa he is therefore ineligible to hold this title. The evident purpose of this statute was to assure the people of American Samoa that the matai title would go to some member of the family who had lived here in American Samoa and was familiar with the customs, needs and habits of the family. One who remains away from his people for a period of more than five years necessarily loses contact and relationship and knowledge of his people. Whatever the purpose of the statute may be it is clear that one who has been absent more than five years immediately preceding the vacancy or before he becomes eligible cannot hold the title under the law.

Two of the applicants and objectors having withdrawn from the case and Titi being ineligible to hold the title under the law, leaves the application of Suiava Ti'a unopposed if he qualifies under the terms of the law as above set forth. The only serious claim made by his opponents in the application of Suiava Ti'a is that he is not a

member of the Pele family and that he is not a true descendant. The tradition filed and claimed by Suiava Ti'a is that he is a descendant of Sinalaulii, a sister of Pele Leatisua. He claims that Pele Leatisua is the first Pele to hold the title. Fortunately for this court this same name has been in contest a short while ago and a decree rendered by Chief Justice A. A. Morrow and District Judge Muli. This was the case of *Lavatai Tulei of Nuuuli v. Savea Valu of Laulii*. The case was decided in favor of Savea Valu of Laulii in a decree filed October 17, 1939. Objection was made to the application of Savea Valu upon the ground that he was not a true descendant of the Pele family. The tradition filed by him and upon which he won the title traced his lineage back to the same origin, to wit, Sinalaulii, a sister of the first Pele Laatiaua. It appears therefore that by a decree of the High Court of American Samoa, this tradition has been held to be true and correct. Suiava Ti'a descends from the same family and all objections made to his application upon the ground that he is not a true descendant of the Pele family must be over-ruled.

It appears to the court from the evidence in the case that Suiava Ti'a has met all the requirements of the law and that his application for the name, Mulitauaopele, should be approved.

This case consumed approximately four days in the trial. The court costs of the case are fixed at $100.00. In view of all the circumstances surrounding the contest and the trial, it is the opinion of the court that the costs should be paid in equal parts by the plaintiff and the defendant. That is, Titi shall pay $50.00 and Suiava Ti'a shall pay $50.00. Now, therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the matai name, Mulitauaopele, be forthwith registered in the name of Suiava Ti'a and that a certified copy of this decree be delivered to the Attorney General of American Samoa.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the costs be and the same are hereby assessed in the sum of one hundred ($100.00) dollars which shall be paid within 30 days from the date of this decree. $50.00 by Titi and $50.00 by Suiava Ti'a.